COREA TRIAL GROUP, L.L.C.
Twenty28 Farrington Street
Dallas, Texas 75207
Telephone: 214.953.3900
Facsimile: 214.953.3901
Thomas M. Corea
Texas Bar No. 24037906
Jessica Sharma Graham
Texas Bar No. 24045967
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GLENDA MCCOY and JOHN ROBERT MCCOY, for themselves as Plaintiffs, and on behalf of decedents JON ANDREA ROBERTS, MICAYLA ROBERTS, and DYLAN ROBERTS,<br>　　　Plaintiffs,<br><br>　v.<br><br>PFIZER, INC., and GREENSTONE PHARMACEUTICALS, LLC<br>　　　Defendants. | Civil Action No. 4:09-cv-00496 |

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Plaintiffs Glenda McCoy and John Robert McCoy, for themselves as Plaintiffs, and on behalf of decedents Jon Andrea Roberts ("Andrea"), Micayla Roberts ("Micayla"), and Dylan Roberts ("Dylan") and file this Response in Opposition to Defendants' Motion for Partial Summary Judgment on Survival Claims and in support thereof would show:

## **TABLE OF CONTENTS**

| | |
|---|---|
| TABLE OF CONTENTS…………………….………..………..……… | 2 |
| TABLE OF AUTHORITIES………………………….………....……….. | 3 |
| INTRODUCTION AND PROCEDURAL HISTORY……...…………….. | 4 |
| STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT……… | 5 |
| RESPONSE TO STATEMENT OF MATERIAL FACTS…………………... | 5 |
| SUMMARY JUDGMENT EVIDENCE……………………………………… | 7 |
| ARGUMENT AND AUTHORITIES……………………………………… | 7 |
|     A.    SUMMARY JUDGMENT STANDARD………………………. | 8 |
|     B.    DAMAGES UNDER THE TEXAS SURVIVAL ACT………… | 8 |
|     C.    A GENUINE ISSUE OF MATERIAL FACTS EXIST REGARDING MICAYLA'S, DYLAN'S, AND ANDREA'S LEVEL OF CONSCIOUS PAIN AND SUFFERING FOLLOWING THE GUNSHOT TO THE HEAD……………... | 9 |
| REQUEST FOR ORAL ARGUMENT……………………………………. | 11 |
| PRAYER FOR RELIEF……………………………………………………… | 12 |

# TABLE OF AUTHORITIES

**Cases:**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)……………………………………….  7
*J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996) ……………………………………………………………………  7
*Celotex Corp.*, 477 U.S. at 322-23……………………………………………………….  7
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-249 (1986)…………………………..  7
*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir.1996)………..  8
*Celotex Corp.*, 477 U.S. at 324-25……………………………………………………….  8
*Anderson*, 477 U.S. at 248…………………………………………………………………  8
*Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002)………………  8
*Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005)…………….  8
*Anderson*, 477 U.S. at 255………………………………………………………………..  8
*Delesma v. City of Dallas,* 770 F.2d 1334 (5th Cir.1985)…………………………………  9
*Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343 (Tex.1992); Tex. Civ. Prac. & Rem. Code § 71.021(a)……………………………………………………………………………  9
*Felan v. Ramos,* 857 S.W.2d 113 (Tex. App.—Corpus Christi 1993, writ denied)………  9
*Russell,* 841 S.W.2d at 345………………………………………………………………..  9
*Marange v. Fontenot,* 879 F.Supp.679, 690 n. 11 E.D.Tex.1995)………………………..  9
*Russell v. Ramirez,* 949 S.W.2d 480, 491 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citing *Canales v. Bank of California,* 316 S.W.2d 314 (Tex. Civ. App.—Eastland 1958, writ ref'd n.r.e.)………………………………………………………  9
*Sharpe v. Munoz,* 256 S.W.2d 890 (Tex. Civ. App.—San Antonio 1953, writ ref'd n.r.e.……………………………………………………………………………..  9
*Levinge Corp. v. Ledezma,* 752 S.W.2d 641, 645 (Tex. App.—Houston [1st Dist.] 1988, no writ)……………………………………………………………………………  9
*Las Palmas Med. Ctr. v. Rodriguez*, 279 S.W.3d 413, 417-418 (Tex. App.—El Paso 2009, no pet.)(emphasis added)…………………………………………………………..  9
*Mitchell v. Akers*, 401 S.W.2d 907, 912 (Tex. Civ. App.—Dallas 1966, writ ref'd n. r. e.)…………………………………………………………………………..  9
*Escoto v. Estate of Ambriz*, 200 S.W.3d 716, 730 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds sub nom. Nabors Drilling, U.S.A., Inc. v. Escoto*, 2388 S.W.3d 401 (Tex. 2009); *Prescott v. Kroger Co.*, 877 S.W.2d 373, 376 (Tex. App.—Houston [1st Dist.] 1994, writ denied)……………………………………………………………  9
*City of Tyler v. Likes*, 962 S.W2d 489, 495 (Tex. 1997); *brown v. Sullivan*, 10 S.W. 288, 290 (Tex. 1888); *General*……………………………………………………………  9
*City of Austin v. Selter,* 415 S.W.2d 489, 501 (Tex. Civ. App.—Austin 1967, writ ref. n.r.e.)………………………………………………………………………..  10
64 Tex. 85 (1885)………………………………………………………………………….  10
17 Tex.Jur.2d 312, Damages, s 252………………………………………………………  10

**Statutes:**

Fed. R. Civ. P. 56(c)………………………………………………………………..  7
Fed. R. Civ. P. 56(e)(2)……….……………………………………………...……  8

**Regulations:**

Tex. Civ. Prac. & Rem. Code § 71.021……………….…….……..……………..  9

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 3 of 13**

# I.

## INTRODUCTION AND PROCEDURAL HISTORY

On July 31, 2007, Andrea and her two children, Micayla and Dylan, as well as her husband Michael, were found dead in their home, with a single gun-shot wound to the head. It appears that Decedent Andrea Roberts killed her children and husband before killing herself.[1]

Plaintiffs filed suit in the District Court for Denton County, Texas on July 31, 2009. Thereafter, Defendants removed this case to this Court[2] and counsel entered their appearance on behalf of Plaintiffs.[3] Defendants filed a Motion to Dismiss and Motion for Summary Judgment. [4] The Honorable Amos L. Mazzant, Magistrate Judge, recommended, and this Court agreed, that Defendants' Motion for Summary Judgment on Plaintiffs' wrongful death claim for compensatory damages based on Andrea Roberts' death, Plaintiffs' survival claim on behalf of the estates of Micayla and Dylan Roberts, and Plaintiffs' survival claim on behalf of the estate of Andrea Roberts should be denied without prejudice until the parties could conduct further discovery.[5] Additional discovery was conducted, and Defendants' filed their Renewed Motion for Partial Summary Judgment on those same claims.[6]

On March 1, 2011, the Court entered a Report and Recommendation of Untied States Magistrate Judge.[7] The Report requires that the Plaintiffs obtain consent of all heirs at law of Micayla and Dylan Roberts in order to pursue their claims.[8]

On March 31, 2011, Plaintiffs obtained and filed their Notice of Consent of Heirs at law

---

[1] P. Second Amended Complaint ¶12 [Dkt. 77].
[2] Notice of Removal [Dkt. 1].
[3] Notice of Appearance [Dkt. 7].
[4] Motion to Dismiss [Dkt. 28].
[5] Report and Recommendation of United States Magistrate Judge [Dkt. 43] and Memorandum Adopting Report and Recommendation of The United States Magistrate Judge [Dkt. 44]
[6] Amended Motion for Partial Summary Judgment as to Survival Claims Based on Lack of Capacity [Dkt. 54].
[7] Report and Recommendation of United States Magistrate Judge [Dkt. 64]
[8] *Id.*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 4 of 13**

of Micayla Roberts and Dylan Roberts.[9]

On December 23, 2011, Defendants filed their Motion for Partial Summary Judgment on Survival Claims With Supporting Authorities.[10]

## II.

## STATEMENT OF THE ISSUE TO BE DECIDED BY THE COURT

On December 23, 2011, Defendants filed a Motion for Partial Summary Judgment on Plaintiffs' survival claims arguing that Plaintiffs claims fail as a matter of law alleging that there is no evidence that Plaintiffs' decedents were conscious, or experienced any pain after suffering the injuries at issue in this case.[11]

Plaintiffs urge the Court to deny Defendants' partial summary judgment motion on all grounds because Defendants have failed to present competent evidence to the Court that Plaintiffs' decedents did not experience any conscious pain or suffering after being shot. Additionally, Plaintiffs have produced evidence raising genuine issues of material fact on this issue brought forth by Defendants.

## III.

## RESPONSE TO STATEMENT OF MATERIAL FACTS

1.  On July 31, 2007, Andrea and her two children, Micayla and Dylan, as well as her husband Michael, were found dead in their home, with single gunshot wounds to their heads. It appears that Decedent Andrea Roberts killed her children and husband before killing herself.[12]

2.  Plaintiffs admit Micayla was discovered in her bed, lying on her left side, and

---

[9] Notice of Consent of All Heirs at Law [Dkt. 73].
[10] [Dkt. 93].
[11] *Id.*
[12] P. Second Amended Complaint ¶12 [Dkt. 77].

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 5 of 13**

facing in away from the door.[13] However, Micayla was not holding a teddy bear; instead, she seemingly let it slip from her grasp.[14]

3. Plaintiffs admit paragraph 3 with the exception that the amount of suffering Micayla experienced is indeterminable.[15]

4. Plaintiffs admit paragraphs 4-9.

5. Plaintiffs admit paragraph 10 to the extent that is what Defendants' expert opines.

6. It is well established that a gunshot wound is a severe injury that creates damage above and beyond the passage of the bullet.[16] There is more to the assessment of damage created than simply examining the trail of the bullet.[17]

7. Micayla's injury was quite severe as the bullet did not exit her head; therefore, all of the kinetic energy was felt in her head.[18]

8. Dylan's injury involved the bullet entering his forehead and exiting at the left occipital region.[19] Both of Dylan's eye sockets were broken by the shockwave.[20] His injuries also included ***searing*** and powder residue on his forehead.[21]

9. Andrea's wound caused fractures that resulted in her bleeding into her throat, stomach, and lungs, which showed she was breathing after her gunshot wound.[22]

10. Death was not instantaneous for Andrea, Micayla, or Dylan.[23]

11. It is impossible to know the extent of the conscious pain and suffering

---

[13] *See* Ex. 1 to Ds' Motion for Partial Summary Judgment [Dkt. 93-3].
[14] Ex. 1 Dep. of Ian Ashley, M.D. at 30/23-31/1.
[15] *Id.*
[16] Ex. 1 at 20/16-24.
[17] Ex. 1. at 21/8-12.
[18] Ex. 1 at 27/17-24; Ex. 2 at MCCOY 233.
[19] Ex. 1 at 32/15-23; Ex. 2 at MCCOY 229-230.
[20] Ex. 1 at 35/8-12; Ex. 2 at MCCOY 229-230.
[21] Ex. 1 at 34/3-6 (emphasis added).
[22] Ex. 1 at 39/23-25, 40/5-12; Ex. 2 at MCCOY 235-236.
[23] Ex. 1 at 21/13-17, 36/1-9, 41/4-7; Ex. 2 at MCCOY 229-230, 233, 235-236.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 6 of 13**

experienced by a person who is inflicted with a fatal gunshot wound when there is no witness to their plight.[24]

## IV.

## SUMMARY JUDGMENT EVIDENCE

Plaintiffs respectfully request that this Honorable Court take judicial notice of all pleadings on file in this case.

Plaintiffs also include the following summary-judgment evidence in an appendix filed with this Response and incorporate the evidence into this Response by reference.

> Exhibit 1: Excerpts from the deposition testimony of Ian Ashley, M.D. is attached hereto as Exhibit 1 and incorporated by reference herein.
>
> Exhibit 2: True and Correct copies of the Expert Report prepared by Dr. Ian Ashley pertaining to Andrea Roberts, Micayla Roberts, and Dylan Roberts.

## V.

## ARGUMENT AND AUTHORITIES

**A. SUMMARY JUDGMENT STANDARD**

Although summary judgment is proper in a case in which there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment.[25]

A defendant moving for summary judgment on a plaintiff's claim must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim.[26] A "genuine" issue is one that can be determined only by a trier of fact because it may be resolved in favor of either party.[27] A

---

[24] Ex. 1 at 22/22-25 -23/1/14, 25/22-25-26/1/2, 26/6-7, 41/19-22.
[25] *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[26] *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23.
[27] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-249 (1986).

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 7 of 13**

genuine issue exists when a reasonable jury could resolve the disputed fact in favor of, or in the matter described by, the nonmovant.[28] Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of its claim. Rather, defendant must demonstrate the absence of a genuine factual dispute.[29]

A "material" fact is one that can affect the outcome of the suit under the governing substantive law.[30] In determining whether there is a disputed issue of material fact that prevents summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant.[31] The court must also resolve all reasonable doubts about the facts in favor of plaintiff as the nonmovant.[32] Only if defendant meets its burden is plaintiff required to respond by summary-judgment proof to show a genuine issue of material fact.[33]

Finally, in resolving a motion for summary judgment, a court may not evaluate credibility of witnesses, resolve factual disputes, or weigh the evidence.[34] In addition, if the evidence in the record establishes that a reasonable jury, resolving all inferences in favor of the non-movant, could return a verdict in that party's favor, the motion must be denied. In *Anderson*, the Supreme Court more importantly noted that "[c]redibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, *not those of the judge*, whether he is ruling on a motion for summary judgment, or for a directed verdict."[35]

B.   **DAMAGES UNDER THE TEXAS SURVIVAL ACT**

The Texas Survival Act preserves for decedent's estate causes of action that he had while

---

[28] *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 533 (5th Cir.1996).
[29] *Celotex Corp.*, 477 U.S. at 324-25.
[30] *Anderson*, 477 U.S. at 248.
[31] *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).
[32] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005).
[33] Fed. R. Civ. P. 56(e)(2).
[34] *Anderson*, 477 U.S. at 255.
[35] *Id*. at 255 (emphasis added).

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 8 of 13**

he lived.[36] Texas law, however, narrowly circumscribes the type of damages recoverable in survival actions. The recoverable damages are those that the decedent sustained while alive.[37] Plaintiffs bringing survival actions can only recover damages for the decedent's conscious pain, suffering and mental anguish, medical expenses, funeral and burial expenses.[38]

Since Defendants do not seem to allege that Plaintiff's decedents are not entitled to damages for funeral and burial expenses and exemplary damages, Plaintiffs only address the issue of conscious pain, suffering and mental anguish damages.

C. **A GENUINE ISSUE OF MATERIAL FACTS EXIST REGARDING MICAYLA'S, DYLAN'S, AND ANDREA'S LEVEL OF CONSCIOUS PAIN AND SUFFERING FOLLOWING THE GUNSHOT TO THE HEAD.**

In Texas, the estate of the decedent can recover for the pain and suffering that the deceased consciously experienced.[39] An award for pain and suffering can be recovered if it can be shown the decedent experienced actual pain, **even for a short time**.[40] A party may establish the existence of conscious pain and suffering by circumstantial evidence.[41]

Even where there is no direct evidence of pain, the jury may infer that pain occurred from the nature of the injury.[42] Not only does the law assume that physical pain results from a serious injury[43], but pain and suffering may be inferred or presumed as a consequence of severe

---

[36] *See Delesma v. City of Dallas,* 770 F.2d 1334 (5th Cir.1985); *see also Felan v. Ramos,* 857 S.W.2d 113 (Tex. App.—Corpus Christi 1993, writ denied); *Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343 (Tex.1992); TEX. CIV. PRAC. & REM. CODE § 71.021(a).
[37] *Russell,* 841 S.W.2d at 345
[38] *See* TEX. CIV. PRAC. & REM. CODE § 71.021; *Marange v. Fontenot,* 879 F.Supp. 679, 690 n. 11 (E.D.Tex.1995).
[39] *See Russell v. Ramirez,* 949 S.W.2d 480, 491 (Tex. App.—Houston [14th Dist.] 1997, no writ) (citing *Canales v. Bank of California,* 316 S.W.2d 314 (Tex. Civ. App.—Eastland 1958, writ ref'd n.r.e.); *see also Levinge Corp. v. Ledezma,* 752 S.W.2d 641, 645 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Sharpe v. Munoz,* 256 S.W.2d 890 (Tex. Civ. App.—San Antonio 1953, writ ref'd n.r.e.).
[40] *Las Palmas Med. Ctr. v. Rodriguez*, 279 S.W.3d 413, 417-418 (Tex. App.—El Paso 2009, no pet.)(emphasis added).
[41] *Mitchell v. Akers*, 401 S.W.2d 907, 912 (Tex. Civ. App.—Dallas 1966, writ ref'd n. r. e.)
[42] *Escoto v. Estate of Ambriz*, 200 S.W.3d 716, 730 (Tex. App.—Corpus Christi 2006), *rev'd on other grounds sub nom. Nabors Drilling, U.S.A., Inc. v. Escoto*, 2388 S.W.3d 401 (Tex. 2009); *Prescott v. Kroger Co.*, 877 S.W.2d 373, 376 (Tex. App.—Houston [1st Dist.] 1994, writ denied).
[43] *City of Tyler v. Likes*, 962 S.W2d 489, 495 (Tex. 1997); *brown v. Sullivan*, 10 S.W.288, 290 (Tex. 1888); *General*

injuries.[44] As Judge Stayton said in *Texas & P. R'y Co. v. Curry*,

> the law infers, when such injuries to the person are shown to have existed as are alleged and proved in this case, that physical pain resulted therefrom; for by common observation we know that in the ordinary operation of natural laws, pain is a necessary result of such injuries.[45]

The existence of physical and mental suffering has been inferred from the manner or type of injury in a multitude of cases holding the jury authorized to consider these elements of damage although not directly proved.[46]

In the instance of Micayla, Dylan, and Andrea, it is simply impossible to know what level of pain and consciousness each suffered prior to their death; however, given the severe nature of their injuries, it is plausible that each suffered excruciating pain during as they lie dying. Consequently, because resolving all inferences in favor of the nonmovant (Plaintiffs) could return an award for pain and suffering damages in Plaintiffs' favor, Defendants' Motion should be denied. Likewise, it is impossible to know how long it would take a person to die following a gunshot wound.[47]

A gunshot wound is a severe injury that creates damage above and beyond the passage of the bullet.[48] There is more to the assessment of damage created than simply examining the trail of the bullet.[49] Micayla's injury was quite severe as the bullet did not exit her head; therefore, all of the kinetic energy was felt in her head.[50] Dylan's injury involved the bullet entering his forehead and exiting at the left occipital region.[51] Both of Dylan's eye sockets were broken by

---

*Motors Corp. v. Burry*, 203 S.W.3d 514, 552 (Tex. App.—Fort Worth 2006, pet. denied); *Escoto*, 200 S.W.3d at 730; *Borth v. Charley's Concrete Co.*, 139 S.W.3d 391, 395 (Tex. App.—Fort Worth 2004, pet. denied).
[44] *City of Austin v. Selter,* 415 S.W.2d 489, 501 (Tex. Civ. App.—Austin 1967, writ ref. n.r.e.).
[45] 64 Tex. 85 (1885)
[46] 17 Tex.Jur.2d 312, Damages, s 252.
[47] Ex. 1 Dep. of Ian Ashley, MD 29/15-19.
[48] Ex. 1 at 20/16-24.
[49] Ex. 1. at 21/8-12.
[50] Ex. 1 at 27/17-24; Ex. 2 at MCCOY 233.
[51] Ex. 1 at 32/15-23; Ex. 2 at MCCOY 229-230.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 10 of 13**

the shockwave.[52] His injuries also included ***searing*** and powder residue on his forehead.[53] Andrea's wound caused fractures that resulted in her bleeding into her throat, stomach, and lungs, which showed she was breathing after her gunshot wound.[54]

It is impossible to know whether Andrea, Micayla, or Dylan was not conscious of their pain and injuries following the shots to their heads.[55] Just because a gunshot wound travels through the brain, including the midline, there is no guarantee of unconsciousness.[56]

Death was not instantaneous for Andrea, Micayla, or Dylan.[57] Micayla suffered as she lied in her bed dying for thirty (30) minutes.[58] It is indeterminable whether or not the pain caused her to lose hold of her teddy bear[59] or whether she was in so much pain that she was unable to move.[60] Dylan lied dying for several hours while he bled into his eye sockets and his brain swelled until the pressure eventually stopped his breathing and heart beating.[61] Andrea lied dying and choking on blood for several hours[62] until like, her son and husband, the pressure from her brain swelling moved over her brainstem and stopped her breathing and heartbeat.[63]

## VI.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that this matter be set for oral argument.

---

[52] Ex. 1 at 35/8-12; Ex. 2 at MCCOY 229-230.
[53] Ex. 1 at 34/3-6 (emphasis added).
[54] Ex. 1 at 39/23-25, 40/5-12; Ex. 2 at MCCOY 235-236.
[55] Ex. 1 at 22/22-25 -23/1/14, 41/19-22.
[56] Ex. 1 at 25/22-25-26/1/2, 26/6-7.
[57] Ex. 1 at 21/13-17, 36/1-9, 41/4-7; Ex. 2 at MCCOY 229-230, 233, 235-236.
[58] Ex. 1 at 29/3-8; Ex. 2 at MCCOY 233.
[59] Ex. 1 at 30/23-31/1.
[60] Ex. 1 at 31/18-24.
[61] Ex. 1 at 37/10-25-38/1-3, 44/11-21; Ex. 2 at MCCOY 229-230.
[62] Ex. 1 at 41/4-7, 10-22.
[63] Ex. 1 at 44/11-21; Ex. 2 at MCCOY 235-236.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON SURVIVAL CLAIMS - Page 11 of 13**

## VII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny the Defendants' Motion for Partial Summary Judgment, and for such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**COREA TRIAL GROUP, L.L.C.**

By: \_/s/ Jessica Sharma Graham_____
 Thomas M. Corea
 Texas State Bar No. 24037906
 Jessica Sharma Graham
 Texas State Bar No. 24045967

Twenty28 Farrington Street
Dallas, Texas 75207
Telephone: 214.953.3900
Facsimile: 214.953.3901

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served via CM/ECF and regular U.S. mail to the following counsel this 9th day of January 2012, as follows:

| | |
|---|---|
| John H Martin | James E. Hooper, Esq. |
| Thompson & Knight - Dallas | Email: hooper@wtotrial.com |
| 1722 Routh Street, Suite 1500 | Andrew H. Myers, Esq. |
| Dallas, TX 75201-2533 | Email: myers@wtotrial.com |
| 214/969-1229 | Wheeler Trigg O'Donnell LLP |
| Fax: 12149691751 | 1801 California Street, Suite 3600 |
| Email: john.martin@tklaw.com | Denver, Colorado 80202 |
| **VIA ECF SERVICE** | Telephone No. (303) 244-1800 |
| | Facsimile No. (303) 244-1879 |
| | **VIA ECF SERVICE** |

    /s/ Jessica Sharma Graham
Jessica Sharma Graham